IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANGEL L. SUAREZ-MORENO, <br> TEXAS CONSUMERS, Individually and on behalf of all others <br><br> *Plaintiffs,* <br><br> v. <br><br> PAY PAL, Paypal.com, EBAY, Ebay.com, and/or any name used by this corporation, <br><br> *Defendant.* | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 5:20-CV-1407 |

# MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

Defendant PayPal, Inc., incorrectly named as "Pay Pal" and "Paypa.com" in the Citation and Complaint ("PayPal"), under 9 U.S.C. § 9, moves this Court to confirm an arbitration award and enter judgment against Plaintiff Angel L. Suarez-Moreno. In support of this motion, PayPal states the following:

## PROCEDURAL HISTORY

1. On December 20, 2020, PayPal removed Plaintiff's action from Texas District Court for Bexar County to this Court. (Dkt. No. 1.)

2. On January 20, 2021, PayPal moved to compel arbitration and to stay these proceedings pending a decision on PayPal's motion to compel arbitration. (Dkt. Nos. 9-11.)

3. On February 18, 2021, the Court granted PayPal's motion to stay the proceedings. (Dkt. No. 21.)

4. On June 24, 2021, following full briefing of the motion to compel arbitration, the Court partially granted that motion, compelled arbitration, and administratively closed this case. (Dkt. Nos. 33-35.)

5. Since then, the parties have provided regular updates to this Court, explaining the status of the arbitration. (Dkt. Nos. 36, 43, 46-50.)

6. On January 10, 2023, the American Arbitration Association ("AAA") held a Final Evidentiary Hearing, at which Plaintiff and PayPal, by undersigned counsel, appeared.[1]

7. On February 6, 2023, the arbitrator issued his decision and order, denying Mr. Suarez-Moreno's claims. A true and correct copy of that order is attached hereto as **Exhibit A**.

8. In his order, the arbitrator found that Plaintiff's claims were frivolous and asked PayPal to provide an itemization of fees and costs, so that the arbitrator could consider whether to reallocate those monies to Mr. Suarez-Moreno.

9. On February 13, 2023, PayPal provided its itemized fees and costs to the arbitrator.

10. Plaintiff had until February 20, 2023, to respond to that filing, but he did not do so.

11. On March 14, 2023, the arbitrator awarded PayPal $7,500 in attorneys' fees and $2,500 in costs. A true and correct copy of that order is attached hereto as **Exhibit B**.

## ARGUMENT AND AUTHORITIES

12. PayPal moves to confirm these awards under 9 U.S.C. § 9, which allows PayPal to "apply" to this Court "for an order confirming the award." If so done, this Court "must grant such an order unless the award is vacated, modified, or corrected" under 9 U.S.C. §§ 10 or 11.

13. No grounds exist to vacate, modify, or correct the arbitrator's awards in this case.

---

[1] The arbitrator previously dismissed Defendant eBay, Inc. from the arbitration. *See generally* Dkt. No. 49.

14. Limited grounds exist to vacate an arbitration award under the Federal Arbitration Act. *See* 9 U.S.C. § 10. This Court may vacate the award only:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrator[]; (3) where the arbitrator[] [was] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrator[] exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). A review of the arbitrator's orders in this case makes clear: no such grounds exist to vacate the awards in this case. *See generally* **Exhibit A** and **Exhibit B**.

15. At the same time, limited grounds exist to modify or correct an arbitration award. *See* 9 U.S.C. § 11. This Court may only modify or correct an arbitration award "(a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award," or "(b) where the arbitrator[] awarded upon a matter not submitted to them," or (c) "where the award is imperfect in matter or form not affecting the merits of the controversy." 9 U.S.C. § 11.

16. A review of the arbitrator's orders in this case makes clear: no such grounds exist to modify or correct the awards in this case. *See generally* **Exhibit A** and **Exhibit B**.

17. "[J]udicial review of an arbitration award has been described as 'extraordinarily narrow,' 'severely limited,' and 'one of the most deferral standards 'known to the law.'" *Concierge Auctions, LLC v. ICB Properties of Miami, LLC*, Case No. 21-CV-894, 2022 WL 2373704, *3 (W.D. Tex. June 30, 2022) (quoting *Commc'ns Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 826 (5th Cir. 2020)).

18. Further, "[o]n application for an order confirming the arbitration award, the court *must* grant the order unless the award is vacated, modified, or corrected as prescribed in" 9 U.S.C. §§ 10-11. *Id.* (internal quotation marks and citation omitted) (emphasis added).

19. The claims in this matter were properly compelled to arbitration and proceeded and concluded in arbitration.

20. The arbitrator has decided all legal questions associated with Plaintiff's claims, dismissing those claims, and awarding PayPal $10,000 in fees and costs related to Plaintiff's frivolous pursuits.

21. There are no grounds for modifying, correcting, or vacating the awards in this case.

22. The arbitrator's decision and awards are correct and represent a decision by a qualified arbitrator.

23. Therefore, because this motion, proposed order, and attachments have been filed and because there are no grounds for modifying, correcting, or vacating the award, the Court must confirm the arbitration awards in this case and enter judgment against Mr. Suarez-Moreno for $10,000.

**WHEREFORE**, for these reasons, PayPal respectfully requests that the Court:

A. Confirm the arbitration awards;

B. Enter judgment against Plaintiff in accordance with the awards; and

C. Grant all other relief, at law or in equity, to which PayPal is entitled.

Dated this 10 day of April, 2023,   Respectfully submitted,

*/s/ Chalon Clark*
Chalon Clark
State Bar No. 24050045
chalon.clark@huschblackwell.com

**HUSCH BLACKWELL LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

**ATTORNEY FOR DEFENDANT PAYPAL, INC.**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and correct copy of the foregoing document, and all accompanying documents, were served on all counsel of record via CM/ECF on April 10, 2023. Counsel further certifies that a true and correct copy was served on Plaintiff Angel L. Suarez-Moreno by U.S. Mail (postage pre-paid) and e-mail as follows:

>   Angel L. Suarez-Moreno
>   8546 Broadway Street 145
>   San Antonio, Texas 78207
>   angelsuarezz@gmail.com

   */s/ Chalon Clark*